### SYKES v. GOLDSBOROUGH, Administrator of Goldsborough.

Court of Common Pleas. Kent. May, 1796.

*Clayton's Notebook, 15.*\*

---

\* This case is also reported in *Bayard's Notebook, 137.*

*Miller,* for defendant, contended that the issue was properly triable by the court, and not by the jury, upon the certificate of the ordinary. "If a plea in abatement be tried by the certificate of the ordinary, the judgment of the court shall be that he answer over," 1 Com.Dig. 91, s. J. 14, cites Lat. 178.

*Ridgely* for plaintiff, "When issue is joined upon a plea in abatement it must be tried by a jury—but if the plaintiff demurs, then it is to be determined by the court," 1 Com.Dig. 91, 92; 11 Vin.Abr. 65.

BASSETT, C. J. The law upon this point is very clear—you can find it anywhere—in every book you open it stares you in the face. Thus in 11 Vin.Abr. 65 the certificate of the ordinary is matter of fact—not of law.

JOHNS, J. The evidence of the defendant to support his plea is a record of the State of Maryland. Is it conclusive here? (See 1 Doug. 1, 1 Dall. 261.)

BASSETT, C. J. It is clearly established in Doctrina Placitandi that if a plea in abatement be overruled, on issue joined the judgment is final. So, *per curiam* in this case.

Then *Miller* moved the Court to withdraw his plea and plead in chief and cited State Constitution, Art. 6, s. 7.

*Ridgely.* The Chief Justice of the Supreme Court has decided that this clause of the Constitution only relates to cases where an amendment is necessary to remove some error which appears upon the face of the record to be a sufficient cause for reversal in a Superior Court.

*Miller.* The Court have the right, independent of the Constitution, to direct a juror to be withdrawn in order to make an amendment which will bring the merits in question, Comb. 419. *Thompson v. Musser,* 1 Dall. 458.

*Ridgely, contra.* The case cited from 1 Dall. 458 does not apply—it was an amendment by consent. The case in Comberbach (who is not much to be relied on) must have been by consent.

*Bayard* on the same side. Defendant has attempted to get rid of this cause on a collateral point, one which has no relation to the merits and is entitled to no favor. Had there been a probability of defendant's supporting his plea, we might, with about the same propriety as attends his present motion, have moved to amend our writ and *narratio* so as to operate against the de-

fendant as administrator. What is now prayed is not an amendment but an essential alteration of the question in dispute. The Constitution authorizes amendments to try the merits. The court will amend the form of a plea until it brings the very question before them which the pleader intended, and this is called an amendment to get at the merits. But they will not change its nature, for that would be inconsistent with the pleader's intention. Thus if on a plea of payment there appears a slip which would vacate it on error, the court will amend it to get at the merits, but they will not strike it out and put in another. In 1 Dall. 458, the court were strongly inclined to think a juror could not be withdrawn unless by consent. The case in Comb. 419 is a criminal case, and that at once impeaches its authority, for there it is clear the court cannot withdraw a juror, because the Statute of Jeofails does not extend to criminal cases.

*Miller.* Comb. 419 was by Lord Holt, one of the brightest luminaries of the law. In [1] Dall. 458, Chief Justice McKean does not contradict the principles I have laid down.

BASSETT, C. J. However hard the case may be, we cannot grant defendant's motion. It is to alter, not to amend his plea, and the principle would lead to a thousand inconveniences. With regard to Comb. 419, the Statutes of Amendments do not extend to penal actions. *Bonfield v. Milken,* 2 Burr. 1099. My Lord Holt was a great man, and I think probably Comberbach is mistaken.

Motion denied.

NOTE. See the case of *Rex v. Perkins* cited in *Chedwick v. Hughes,* Carth. 465.